Bailey *v.* Ryder.

---

WESTCHESTER SPECIAL TERM, September, 1847.

*Morse,* Justice.

BAILEY *vs.* RYDER and others.

Upon a notice of motion for the *settlement* of issues at law, a party may apply for the *award* of issues also.

IN EQUITY. Motion by plaintiff for issues, to try the matters in dispute between the parties, by a jury; and that such issues be settled by the court, or by a referee, upon a reference for that purpose.

Hyde *v.* Tanner.

*Mr. Lee,* for the plaintiff.

*A. Lockwood & W. Reynolds,* for the defendants, objected that the notice was of a motion for the *settlement,* and not for the *award,* of issues required by §§ 2 and 3 of the act of May 2, 1839, to amend the act to regulate the trial by jury and the taking of testimony in chancery. (*Laws of* 1839, *p.* 292.) That the notice presupposed an award of issues under the 2d and 3d sections of the act; and that the application was under the 4th section. And they insisted that the court could not *award* issues, upon a notice in this form.

MORSE, J. The notice of motion is sufficient, under the statute, and the 59th rule; although the settlement is in fact merely incidental to the award of issues. The intention of the rule was that the whole matter should be disposed of on the motion for settlement of the issues. The award of issues being necessarily precedent to their settlement, no party can be misled by such a notice as this, under the rule. And as copies of the pleadings are to be presented to the court, by the party making the application, no harm can arise from the form of the notice; although the practice under the rule may be somewhat inartificial.

Motion granted.

---

DUTCHESS SPECIAL TERM, September, 1847.
*Barculo,* Justice.